1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GEORGE J. GEHRON, | Case No. 11cv02138 BTM (JMA) |
| 12                             Plaintiff, | **ORDER** |
| 13       v. <br> T.D. Service Company, et al., | |
| 14                             Defendants. | |

15      On January 20, 2012, the Court received from Plaintiff George J. Gehron a "CIV-110

16  Request for Dismissal" form, signed by Plaintiff. See Cal. Code. Civ. P. § 581 Form 1.  The

17  form requests of the Clerk:  "Please dismiss this action as follows: . . . Entire action of all

18  parties and all causes of action."

19      The Court construes this as a notice of dismissal of Plaintiff's entire complaint. See

20  Fed. R. Civ. P. 41(a)(1) ("(A) [T]he plaintiff may dismiss an action without a court order by

21  filing: . . . (i) a notice of dismissal before the opposing party serves either an answer or a

22  motion for summary judgment . . . .").  As no Defendants have filed either an answer or a

23  motion for summary judgment, Plaintiff does not require leave of court to dismiss his case.

24  The dismissal of Plaintiff's entire complaint is without prejudice, as the notice of dismissal

25  does not indicate otherwise. See id. ("(B) Unless the notice or stipulation provides otherwise,

26  the dismissal is without prejudice.").

27      As a consequence of Plaintiff's dismissal of this entire action, the Court DENIES as

28  moot all motions to dismiss, motions to strike and motions to change venue filed by

1   Defendants (Dkt. Nos. 10, 14, 16, 17 and 18).  The Court retains jurisdiction over the two

2   motions to declare Plaintiff a vexatious litigant (Dkt. Nos. 11 and 19), and these motions

3   remain under consideration.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)

4   (district court retains jurisdiction to impose sanctions after plaintiff voluntarily dismisses action

5   pursuant to Rule 41 because "[i]t is well established that a federal court may consider

6   collateral issues after an action is no longer pending."); Eng v. Marcus & Millichap Co., No.

7   C 10-05050, 2011 WL 2175207, at *1 (E.D. Cal. 2011) (holding that voluntary dismissal

8   pursuant to Rule 41 does not deprive district court of jurisdiction to consider motion for

9   sanctions and motion to declare plaintiff vexatious litigant).

10

11  DATED:  January 24, 2012

12                                                    _____
                                                      BARRY TED MOSKOWITZ, Chief Judge
13                                                    United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28